ANGELA A. OLIVO, Plaintiff and Appellee, *v.* FRANCISCO ARRIVÍ, Defendant and Appellant.

No. 4424.   Argued June 1, 1928.—Decided July 26, 1928.

E. *González Mena* for the appellant. R. *Rivera Zayas* for the appellee.

Mr. Justice Texidor delivered the opinion of the court.

In this case the complaint was presented in the name of Angela A. Olivo against Francisco Arriví and it was alleged therein that Angela Olivo and the defendant had amorous relations for two years beginning about 1913 as a result of which a child was born on June 24, 1915, and was registered with the name of Francisco as the natural child of the plaintiff; that the defendant always treated the said child as his son, taking care of the plaintiff during her pregnancy and paying for the services of a midwife who attended her during her confinement, and that later he has held the child in the continuous possession of the status of natural child, calling it his son publicly and contributing thirty dollars a month for its needs. It is prayed in the complaint that the said minor be declared the acknowledged natural son of the defendant, with the right to bear his name.

The defendant demurred on the grounds of defect of party plaintiff and lack of facts sufficient to determine a cause of action, and later in his answer to the complaint he denied the essential facts thereof, such as the amorous relations with the plaintiff, the begetting of the child referred to and the acts of acknowledgment attributed to him.

Judgment was rendered sustaining the complaint and declaring the child Francisco to be the acknowledged natural son of defendant Francisco Arriví and this appeal was taken from that judgment.

From an examination of the pleadings in the present case it may be seen that the complaint was drafted in the name of Angela A. Olivo individually and not in representation of her son. The judgment rendered declares a right in favor

of the boy Francisco who is not the plaintiff nor a party thereto in any way. According to section 51 of the Code of Civil Procedure, every action must be prosecuted in the name of the real party in interest, except as otherwise provided in that Code.

Likewise, according to section 188 of the Code of Civil Procedure, a judgment is a final determination of the rights of the parties in an action or proceeding.

In the case of bringing an action for the benefit of a minor who can not appear in court and prosecute an action it is evident that, in accordance with section 223 of the Civil Code, the father and the mother with *patria potestas* over the minor should represent him in the exercise of all actions which may redound to his benefit.

In this case mention has been made in the complaint of the child only as the result of the alleged relations between the plaintiff and the defendant; but the action is not brought in its name.

Undoubtedly, the complaint does not adduce facts sufficient to determine an action of filiation in the style in which it is worded, because the plaintiff in the action has no right to the filiation.

There is also the defect of nonjoinder of party plaintiff, inasmuch as the minor is not made a party and no one appears in his name.

The demurrer in the present case should have been sustained and a judgment should have been rendered which, in accordance with the statute, would have determined the rights between the parties who appeared as such before the court, and not those of a party who did not appear before the court in any way.

The judgment appealed from must be reversed.

Mr. Justice Hutchison dissented.